**James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**Doris LAW, individually and doing business as Marilyn Rae Company, Defendant.**

**Civ. A. No. 1029.**

United States District Court
W. D. Tennessee, E. D.

June 15, 1957.

Stuart Rothman, Solicitor, Jeter S. Ray, Regional Atty., Washington, D. C., David V. Manker, Asst. Regional Atty., Marvin M. Tincher, Atty., U. S. Dept. of Labor, Nashville, Tenn., for plaintiff.

J. Lee Taylor, Huntingdon, Tenn., for defendant, Mrs. Law.

BOYD, District Judge.

This is an action for an injunction to restrain the defendant from violating Sections 15(a) (1), 15(a) (2), and 15(a) (5) of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C.A. § 215(a) (1, 2, 5), hereinafter referred to as the Act.

With the filing of a complaint on May 24, 1957 the plaintiff also filed a motion for a preliminary injunction *and* an application for a temporary restraining order without notice, supported by the affidavits of Harry B. Orio and John H. C. Lang, investigators for the Wage and Hour Division of the United States Department of Labor. Upon consideration of the foregoing the court approved and entered a temporary restraining order expiring at 10:20 o'clock A.M. (CST) on Monday, June 3, 1957 and at the same time issued an order requiring the defendant to show cause before him on the 31st day of May 1957 at 9:30 o'clock A.M. in the United States District Court Room at Memphis, Tennessee why a preliminary injunction should not issue, as prayed. Thereafter, on defendant's motion and by agreement of counsel for the plaintiff the temporary restraining order theretofore entered herein was extended so as to expire at 10:20 o'clock A.M. (CST) on Saturday, June 15, 1957 and plaintiff's motion for a preliminary injunction was set for hearing at Memphis on June 7, 1957. In open court on that date, by agreement of the parties, the court ordered that the hearing on the motion be the trial of the case on the merits.

Whereupon, this cause came on regularly for trial before me at Memphis, Tennessee on June 7 and 8, 1957 and upon consideration of the pleadings filed herein, the testimony of various witnesses, the documentary evidence introduced in open court at the trial, the exhibits filed, the stipulations of the parties, and upon the entire record herein the court makes and files the findings of fact, conclusions of law and order for judgment hereinafter set forth, as follows:

### Findings of Fact

(1) At all times pertinent to this litigation the defendant Doris Law has resided on Rural Route No. 1, near Huntingdon, in Carroll County, Tennessee and has been the owner and operator of a place of business located at the said address where she has been engaged under the name and style of Marilyn Rae Company in the production, sale and distribution of various articles of infants' knitted outer wear such as sacques, bibs, caps and bootees.

(2) Within the period since December 1, 1954 the defendant has utilized the services of numerous homeworkers including, but not limited to:

Clyde Adams
Margaret Alexander
Mrs. Bill Bledsoe
Mrs. Edith Call
Mrs. C. H. Cole
Mrs. John Darnell
Erma Erickson
Mrs. Lula Faust
Floyce Finnie
Mabel Freele
Gayle Goff
Helen Hamilton
Mrs. Nannie Harris
Fannie Hartsfield
Mrs. William Hearn
Mrs. R. W. Holder
Mrs. R. I. Hopper
Mrs. M. L. Irwin
Mrs. Murray Jackson
Nannie Johnson
Margaret Lancaster

Kate Adams
Mrs. Tom Baker
Mrs. A. L. Buffalo
Mrs. Eura Campbell
Mrs. Raymond Cole
Mrs. Herbert Dyer
Mrs. J. C. Fanning
Mae Faust
Mrs. E. L. Fisher
Mrs. C. E. Fuller
Mrs. J. O. Haley
Mrs. Carl Hardaway
Mrs. Emily Harrison
Dorris Harwood
Mrs. C. W. Hicks
Mrs. Alton Hopper
Stella Humphrey
Mrs. Elbert Jackson
Mrs. Pearl Jetter
Mrs. Carmen Kelly
Mrs. I. L. Lawler

Mrs. Lon Lett
Mrs. R. L. McClaran
Lillie Brooks McEwen
Emma Mathis
Mrs. A. L. Middlecoff
Mrs. O. M. Miller
Mrs. Erby Mitchell
Mrs. John Moss
Mrs. Lillie Peace
Mrs. R. E. (Lillian) Rice
Mrs. W. T. Samons
Mrs. A. R. Simmons
Mary Stephens
Mrs. R. M. Swearingen
Mrs. Fred Taylor
Mrs. J. M. Taylor
Maggie Thomas
Mrs. J. P. Wade
Dora Walsh
Mrs. Oder Weber
Mrs. C. G. Wheelhouse
Eunice Winstead

Mrs. J. L. McClaran
Mrs. Kate McEwen
Mrs. H. C. McIntyre
Mrs. Jim Maxey
Leona Middlecoff
Mrs. Sallie Mills
Mrs. Robie Moore
Effie Orrell
Mrs. O. P. Pope
Mrs. W. L. Rowland
Mrs. J. T. Serat
Mrs. Boyd Stephens
Alma Strong
Mrs. Charles Taylor
Mrs. J. F. Taylor
Mrs. D. C. Thacker
Mrs. Henry Thompson
Betty Wafford
Mrs. Tom Ward
Mrs. A. C. West
Mildred Wilson
Mrs. L. M. Woffard

in the production of various articles of infants' knitted outer wear such as sacques, bibs, caps and bootees.

(3) Substantially all the goods produced by the homeworkers referred to in Finding of Fact (2), above, have been produced for shipment and have been shipped by the defendant to her customers outside the State of Tennessee.

(4) Substantially all the homeworkers referred to in Finding of Fact (2), above, while engaged in the production of goods the defendant has shipped in commerce, as set forth in Finding of Fact (3), above, have earned and been paid wages at rates substantially less than the rate required by Section 6 of the Act.

(5) The defendant stipulated that the testimony of Effie Orrell and Kate Adams would be and was typical and representative of the testimony of the various other homeworkers. These homeworkers testified that they were required (a) to pay for all materials used by them in the production of the goods supplied to the defendant and (b) to pay the postage in making delivery of the said goods to the defendant. One-third (or more) of the amount paid them by the defendant for the goods they produced for and delivered to her was thus necessarily expended for such materials and postage. For example, for making and delivering a pair of bootees for which the defendant paid them 70 cents the cost of the materials used in the making thereof and the mailing charges for making delivery of the completed goods to the defendant amounted to 23 cents, or more, leaving them 47 cents, or less, for their work. From two to three hours was required in the making of such a 70 cent item, resulting in hourly earnings and wages between 16 and 23 cents.

(6) The customary and usual procedure followed by the defendant in arranging for the production and delivery to her of the goods produced and delivered to her by the homeworkers referred to in Finding of Fact (2), above, is to mail postal cards or penned notes to the said homeworkers giving them detailed instructions as to the item or items desired, the style number thereof, the

quantity to be produced, the material and color thereof to be used, and other production specifications; also instructions as to delivery dates and special instructions such as to "rush" completion and delivery of the goods. For all goods thus produced and delivered to her between the 10th day of one month and the 10th day of the next succeeding month the defendant pays the homeworkers by check on or about the 20th of the latter month.

(7) Except for (and in the absence of) the specific orders and instructions they receive from the defendant the homeworkers referred to in Finding of Fact (2), above, would not produce the goods called for in such orders.

(8) At no time during the period since December 1, 1954 has the defendant made, kept and preserved an accurate record of the homeworkers referred to in Finding of Fact (2), above, and of the wages, hours and other conditions and practices of employment maintained by her in that such records as she has maintained do not include, among other things, the hours worked on each lot of work turned in, the piece rates paid, the hours worked each workweek and the total wages earned each workweek.

(9) The defendant has not obtained special homework certificates authorizing her to employ workers in industrial homework as required by Regulations, Part 617 (Title 29, Chapter V, Code of Federal Regulations, Part 617).

(10) The defendant has not obtained and kept a separate handbook for each industrial homeworker employed by her and has not entered in such handbooks the information required by Sub-Parts A and B of Regulations, Part 516 (Title 29, Chapter V, Code of Federal Regulations, Part 516).

## Conclusions of Law

### I

The court has jurisdiction of the parties and of the subject matter of this action.

### II

The homeworkers referred to in Finding of Fact (2), above, were under the domination and control of the defendant and what they did was an integral part of her business and her said business could not be operated without them.

### III

The homeworkers referred to in Finding of Fact (2), above, are the employees of the defendant and the defendant is the employer of the said homeworker employees. Walling v. American Needlecrafts, 6 Cir., 139 F.2d 60; Harwood v. Tobin, 6 Cir., 194 F.2d 538; Rutherford Food Corp. v. McComb, 331 U.S. 722, 67 S.Ct. 1473, 91 L.Ed. 1772.

### IV

The defendant and her said employees are engaged in commerce and in the production of goods for commerce.

### V

The defendant has violated Sections 6 and 15(a) (2) of the Act during the period since December 1, 1954 by paying her employees referred to in Finding of Fact (2), above, wages at rates less than seventy-five (75) cents an hour prior to March 1, 1956 and wages at rates less than one dollar ($1.00) an hour on and after March 1, 1956.

### VI

The defendant has violated Sections 11(c) and 15(a) (5) of the Act during the period since December 1, 1954 by failing to make, keep and preserve an accurate record of her employees and of the wages, hours and other conditions and practices of employment as required by Regulations, Part 516, Sub-Parts A and B.

### VII

The defendant has violated Section 15 (a) (1) of the Act by shipping, delivering, transporting and offering for transportation in interstate commerce from her establishment at Huntingdon, Ten-

nessee, goods in the production of which her employees, referred to in Finding of Fact (2), above, were employed in violation of Section 6 of the Act.

### VIII

The plaintiff is entitled to the relief sought in his complaint.